JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-F-042-JK, et al.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ECF CASE

ST. PAUL FIRE AND MARINE INSURANCE COMPANY a/s/o Mover's Inc.,

08 Civ. 5325 (RPP)

Plaintiff,

SECOND AMENDED COMPLAINT

- against -

DELTA AIR LINES, INC.,

Defendant.

---------------------------------------------------------------x

Plaintiff, St. Paul Fire & Marine Insurance Company a/s/o Mover's Inc., by their attorneys, Badiak,& Will, LLP, as and for their Second Amended Complaint herein against the defendant, alleges upon information and belief as follows:

1. Plaintiff, St. Paul Fire & Marine Insurance Company (hereinafter referred to as "St. Paul"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Minnesota and provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at 100 Baylis Road, Melville, New York, 11747.

2. Plaintiff, ST. PAUL, has paid the consignee and owner of the shipment mentioned hereinafter pursuant to the cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

3. Defendant, DELTA AIR LINES, INC., (hereinafter referred to as "DELTA"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at La Guardia Airport, Delta Air Line Flight Center, Flushing, New York 11371, and is and was at all times hereinafter mentioned, a common carrier by air engaged in the transportation of goods for hire.

4. All and singular the following premises are true and constitutes a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 and/or arising under this Court's ancillary and/or pendent jurisdiction.

**FIRST CAUSE OF ACTION**

5. On or before November 11, 2006, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Seattle, Washington, a shipment consisting of 1 piece containing Fresh Fish for carriage from Seattle, Washington, to John F. Kennedy Airport, New York, pursuant to an airway bill issued by defendant DELTA numbered 006-SEA 1571-5243, dated November 11, 2006.

6. The shipment, when delivered to defendant DELTA was in good order and condition.

7. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $6,000.00.

8. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the carriage in accordance with the service level designated and having failed to property care for the shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

9. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $6,000.00.

10. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $6,000.00.

11. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

12. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

13. Plaintiff has been damaged in the amount of $6,000.00, which amount, although duly demanded, has not been paid by defendant DELTA.

**SECOND CAUSE OF ACTION**

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

15. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $6,000.00 which amount, although duly demanded, has not been paid.

**THIRD CAUSE OF ACTION**

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

17. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful

misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $6,000.00.

18. By virtue of the foregoing, plaintiff has been damaged in the amount of $6,000.00 which amount, although duly demanded, has not been paid.

**FOURTH CAUSE OF ACTION**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

20. On or before June27, 2006, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Anchorage, Alaska, a shipment consisting of 17 cartons containing Fresh Fish for carriage from Anchorage, Alaska, to Baltimore, Maryland, pursuant to an airway bill issued by defendant DELTA numbered 006-ANC 4596-2162, dated June 27, 2006.

21. The shipment, when delivered to defendant DELTA was in good order and condition.

22. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $7,500.00.

23. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the carriage in accordance with the service level designated and having failed to property care for the

shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

24. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $3,850.00.

25. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $3,850.00.

26. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

27. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

28. Plaintiff has been damaged in the amount of $3,850.00, which amount, although duly demanded, has not been paid by defendant DELTA.

**FIFTH CAUSE OF ACTION**

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "19" through "28", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

30. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise

reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $3,850.00 which amount, although duly demanded, has not been paid.

**SIXTH CAUSE OF ACTION**

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "19" through "28", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

32. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $3,850.00.

33. By virtue of the foregoing, plaintiff has been damaged in the amount of $3,850.00 which amount, although duly demanded, has not been paid.

**SEVENTH CAUSE OF ACTION**

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

35. On or before July 31, 2006, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Anchorage, Alaska, a shipment consisting of 10 cartons containing Fresh Fish for carriage from Anchorage, Alaska, to John F.

Kennedy Airport, New York, pursuant to an airway bill issued by defendant DELTA numbered 006-ANC 6106-0156, dated July 31, 2006.

36. The shipment, when delivered to defendant DELTA was in good order and condition.

37. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $5,200.00.

38. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the carriage in accordance with the service level designated and having failed to property care for the shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

39. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $5,200.00.

40. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $5,200.00.

41. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

42. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

43. Plaintiff has been damaged in the amount of $5,200.00, which amount, although duly demanded, has not been paid by defendant DELTA.

**EIGHTH CAUSE OF ACTION**

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs "34" through "43", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

45. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $5,200.00 which amount, although duly demanded, has not been paid.

**NINTH CAUSE OF ACTION**

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs "34" through "43", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

47. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or

willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $5,200.00.

48. By virtue of the foregoing, plaintiff has been damaged in the amount of $5,200.00 which amount, although duly demanded, has not been paid.

**TENTH CAUSE OF ACTION**

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

50. On or before February 14, 2007, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Seattle, Washington, a shipment consisting of 1 carton containing Fresh Fish for carriage from Seattle, Washington, to John F. Kennedy Airport, New York, pursuant to an airway bill issued by defendant DELTA numbered 006-SEA-1573-3885, dated February 14, 2007.

51. The shipment, when delivered to defendant DELTA was in good order and condition.

52. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $11,000.00.

53. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the

carriage in accordance with the service level designated and having failed to property care for the shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

54. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $11,000.00.

55. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $11,000.00.

56. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

57. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

58. Plaintiff has been damaged in the amount of $11,000.00, which amount, although duly demanded, has not been paid by defendant DELTA.

**ELEVENTH CAUSE OF ACTION**

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "49" through "58", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

60. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $11,000.00 which amount, although duly demanded, has not been paid.

**TWELFTH CAUSE OF ACTION**

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs "49" through "58", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

62. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $11,000.00.

63. By virtue of the foregoing, plaintiff has been damaged in the amount of $11,000.00 which amount, although duly demanded, has not been paid.

**THIRTEENTH CAUSE OF ACTION**

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

65. On or before July 17, 2006, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Anchorage, Alaska, a shipment consisting of 34 cartons containing Fresh Fish for carriage from Anchorage, Alaska, to Charlotte, North Carolina, pursuant to an airway bill issued by defendant DELTA numbered 006-ANC-6105-9460, dated July 17, 2006.

66. The shipment, when delivered to defendant DELTA was in good order and condition.

67. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $6,069.00.

68. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the carriage in accordance with the service level designated and having failed to property care for the shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

69. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $6,069.00.

70. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $6,069.00.

71. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

72. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

73. Plaintiff has been damaged in the amount of $6,069.00, which amount, although duly demanded, has not been paid by defendant DELTA.

## FOURTEENTH CAUSE OF ACTION

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs "64" through "73", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

75. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $6,069.00 which amount, although duly demanded, has not been paid.

**FIFTEENTH CAUSE OF ACTION**

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs "64" through "73", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

77. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $6,069.00.

78. By virtue of the foregoing, plaintiff has been damaged in the amount of $6,069.00 which amount, although duly demanded, has not been paid.

**SIXTEENTH CAUSE OF ACTION**

79. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

80. On or before August 27, 2006, Mover's Inc., plaintiff's assured, Movers, Inc., delivered or caused to be delivered to defendant DELTA at Seattle, Washington, a shipment consisting of 3 cartons containing Fresh Fish for carriage from Seattle, Washington, to Tampa, Florida, pursuant to an airway bill issued by defendant DELTA numbered 006-SEA-0249-8086, dated August 27, 2006.

81. The shipment, when delivered to defendant DELTA was in good order and condition.

82. The airway bill, hereinbefore described, started on its face that the shipment consisted of "REFRIGERATED FRESH FISH", required service level "PRIORITY FIRST FREIGHT" and provided a declared value for carriage of $8,500.00.

83. Defendant DELTA delivered the shipment under the aforementioned airway bill at the airport of destination in a damaged and spoiled condition, having failed to expedite the carriage in accordance with the service level designated and having failed to property care for the shipment while in it's custody and control, in breach of it's duties as a common carrier of goods by air for hire.

84. Plaintiff St. Paul insured the subject shipment against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured for the loss described herein in the amount of $8,500.00.

85. As a proximate result of defendant DELTA's breach of their contract of air carriage, plaintiff has been damaged in the amount of $8,500.00.

86. Plaintiff's assured, the shipper, and the consignee have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

87. Accordingly, plaintiff St. Paul is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant DELTA for the losses sustained to the subject shipment.

88. Plaintiff has been damaged in the amount of $8,500.00, which amount, although duly demanded, has not been paid by defendant DELTA.

**SEVENTEENTH CAUSE OF ACTION**

89. Plaintiff repeats and realleges each and every allegation contained in paragraphs "79" through "88", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

90. Defendant DELTA failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant DELTA's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, its assured or the consignor, plaintiff has been damaged in the amount of $8,500.00 which amount, although duly demanded, has not been paid.

**EIGHTEENTH CAUSE OF ACTION**

91. Plaintiff repeats and realleges each and every allegation contained in paragraphs "79" through "88", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

92. The loss and damage to the aforementioned shipment was the direct and proximate result of defendant DELTA's reckless disregard for the safety of the shipment and/or willful misconduct and/or the reckless disregard for the safety of the shipment and/or willful

misconduct on the part of an agent and/or employee of defendant DELTA acting within the scope of their employment, causing damage to the plaintiff in the amount of $8,500.00.

93. By virtue of the foregoing, plaintiff has been damaged in the amount of $8,500.00 which amount, although duly demanded, has not been paid.

WHEREFORE, plaintiff St. Paul Fire & Marine Insurance Company demands judgment against the defendant Delta Air Lines in the total amount of $40,619.00, together with interest and the costs and disbursements of this action.

Dated: Mineola, New York
July 30, 2008

BADIAK & WILL, LLP
Attorneys for Plaintiff,
ST. PAUL FIRE & MARINE INSURANCE COMPANY

By:______________________________
JAMES P. KRAUZLIS (JK-4972)

TO:

MOUND COTTON WOLLAN
& GREENGRASS
Attorneys for Defendant
One Battery Park Plaza
New York, New York 10004

Index No.: 08 Civ. 5325 (RPP)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
)SS.:
COUNTY OF NASSAU )

**I, Lisa A. Bedry,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On July 30, 2008 I served the within SECOND AMENDED COMPLAINT on:

MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
One Battery Park Plaza
New York, New York 10004

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

Luz M Webb
LUZ M. WEBB

Sworn to before me this
30th day of July, 2008

NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires ~~Nov. 6,~~ 11/11/2010