FRANCIS A. MONTBACH, ESQ.
MICHAEL L. CALDER, ESQ.
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
Delta Air Lines, Inc.
One Battery Park Plaza
New York, NY  10004
(212) 804-4200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


-----------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE
COMPANY a/s/o Movers, Inc.,

                              Plaintiff,                              08 CV 5325


      - against -


DELTA AIR LINES, INC.,                                        **ANSWER**

                              Defendant.
-----------------------------------------------------------------X

        Defendant Delta Air Lines, Inc., by its attorneys MOUND COTTON WOLLAN & GREENGRASS, as and for its Answer to the Second Amended Complaint herein, alleges:

        FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "1."

        SECOND:    Denies each and every allegation contained in that paragraph of the Complaint designated "4."

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "2," except that it denies that the shipper and consignee therein mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

## AS TO THE FIRST CAUSE OF ACTION

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "5," "6," "9," and "12."

FIFTH: Denies each and every allegation contained in that paragraph of the Complaint designated "8," "10," "11," and "13."

SIXTH: Denies each and every allegation contained in that paragraph of the Complaint designated "7," except that it admits that airway bill #006-SEA-1571-5243 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; that the service level indicated was "Priority First Freight"; and that there was a declared value for carriage of $6,000.

## AS TO THE SECOND CAUSE OF ACTION

SEVENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "SIXTH" of this Answer with the same force and effect as if more fully set forth herein at length.

EIGHTH: Denies each and every allegation contained in that paragraph of the Complaint designated "15."

## AS TO THE THIRD CAUSE OF ACTION

NINTH:    Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "SIXTH" of this Answer with the same force and effect as if more fully set forth herein at length

TENTH:    Denies each and every allegation contained in that paragraph of the Complaint designated "17" and "18."

## AS TO THE FOURTH CAUSE OF ACTION

ELEVENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

TWELFTH:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "20," "21," "24," and "27."

THIRTEENTH:    Denies each and every allegation contained in that paragraph of the Complaint designated "23," "25," "26," and "28."

FOURTEENTH:    Denies each and every allegation contained in that paragraph of the Complaint designated "22," except that it admits that airway bill #006-ANC-4596-2162 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; and that there was a declared value for carriage of $7,500.

## AS TO THE FIFTH CAUSE OF ACTION

FIFTEENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "ELEVENTH" through "FOURTEENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

SIXTEENTH: Denies each and every allegation contained in that paragraph of the Complaint designated "30."

## AS TO THE SIXTH CAUSE OF ACTION

SEVENTEENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "ELEVENTH" through "FOURTEENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

EIGHTEENTH: Denies each and every allegation contained in that paragraph of the Complaint designated "32 and "33."

## AS TO THE SEVENTH CAUSE OF ACTION

NINETEENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "35," "36," "39," and "42."

TWENTY-FIRST:   Denies each and every allegation contained in that paragraph of the Complaint designated "38," "40", "41," and "43."

TWENTY- SECOND:   Denies each and every allegation contained in that paragraph of the Complaint designated "37," except that it admits that airway bill #006-ANC-6106-0156 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; that the service level indicated was "Priority First Freight"; and that there was a declared value for carriage of $5,200.

### AS TO THE EIGHTH CAUSE OF ACTION

TWENTY-THIRD:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "NINETEENTH" through "TWENTY-SECOND" of this Answer with the same force and effect as if more fully set forth herein at length.

TWENTY-FOURTH: Denies each and every allegation contained in that paragraph of the Complaint designated "45."

### AS TO THE NINTH CAUSE OF ACTION

TWENTY-FIFTH:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "NINETEENTH" through "TWENTY-SECOND" of this Answer with the same force and effect as if more fully set forth herein at length.

TWENTY-SIXTH:   Denies each and every allegation contained in that paragraph of the Complaint designated "47" and "48."

## AS TO THE TENTH CAUSE OF ACTION

TWENTY-SEVENTH:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

TWENTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "50," "51," "54," and "57."

TWENTY-NINTH:   Denies each and every allegation contained in that paragraph of the Complaint designated "53," "55," "56," and "58."

THIRTIETH: Denies each and every allegation contained in that paragraph of the Complaint designated "52," except that it admits that airway bill #006-SEA-1573-3885 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; that the service level indicated was "Priority First Freight"; and that there was a declared value for carriage of $11,000.

## AS TO THE ELEVENTH CAUSE OF ACTION

THIRTY-FIRST:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "TWENTY-SEVENTH" through "THIRTIETH" of this Answer with the same force and effect as if more fully set forth herein at length.

THIRTY-SECOND:   Denies each and every allegation contained in that paragraph of the Complaint designated "60."

## AS TO THE TWELFTH CAUSE OF ACTION

THIRTY-THIRD:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "TWENTY-SEVENTH" through "THIRTIETH" of this Answer with the same force and effect as if more fully set forth herein at length.

THIRTY-FOURTH:   Denies each and every allegation contained in that paragraph of the Complaint designated "62" and ""63."

## AS TO THE THIRTEENTH CAUSE OF ACTION

THIRTY-FIFTH:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

THIRTY-SIXTH:   Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "65," "66," "69," and "72."

THIRTY-SEVENTH: Denies each and every allegation contained in that paragraph of the Complaint designated "68," "70," "71," and "73."

THIRTY-EIGHTH:   Denies each and every allegation contained in that paragraph of the Complaint designated "67," except that it admits that airway bill #006-ANC-6105-9460 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; and that there was a declared value for carriage of $6,069.

## AS TO THE FOURTEENTH CAUSE OF ACTION

THIRTY-NINTH:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "THIRTY-FIFTH" through "THIRTY-EIGHTH" of this Answer with the same force and effect as if more fully set forth herein at length.

FORTIETH:   Denies each and every allegation contained in that paragraph of the Complaint designated "75."

## AS TO THE FIFTEENTH CAUSE OF ACTION

FORTY-FIRST:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "THIRTY-FIFTH" through "THIRTY-EIGHTH" of this Answer with the same force and effect as if more fully set forth herein at length.

FORTY-SECOND:   Denies each and every allegation contained in that paragraph of the Complaint designated "77" and "78."

## AS TO THE SIXTEENTH CAUSE OF ACTION

FORTY-THIRD:   Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

FORTY-FOURTH:   Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "80," "81," "84," and "87."

FORTY FIFTH: Denies each and every allegation contained in that paragraph of the Complaint designated "83," "85," "86," and "88."

FORTY-SIXTH: Denies each and every allegation contained in that paragraph of the Complaint designated "82," except that it admits that airway bill #006-SEA-0249-8086 contained an entry in that portion of the document designated "Handling Information" of "Refrigerated Fresh Fish"; and that there was a declared value for carriage of $8,500.00.

### AS TO THE SEVENTEENTH CAUSE OF ACTION

FORTY-SEVENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FORTY-THIRD" through "FORTY-SIXTH" of this Answer with the same force and effect as if more fully set forth herein at length

FORTY-EIGHTH: Denies each and every allegation contained in that paragraph of the Complaint designated "90."

### AS TO THE EIGHTEENTH CAUSE OF ACTION

FORTY-NINTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FORTY-THIRD" through "FORTY-SIXTH" of this Answer with the same force and effect as if more fully set forth herein at length.

FIFTIETH: Denies each and every allegation contained in that paragraph of the Complaint designated "92" and "93."

### AS AND FOR A FIRST COMPLETE
### AFFIRMATIVE DEFENSE

FIFTY-FIRST: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

### AS AND FOR A SECOND COMPLETE
### AFFIRMATIVE DEFENSE

FIFTY-SECOND: The contracts of carriage embarked upon by the plaintiff herein were for interstate transportation and as such were governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage and tariffs.

FIFTY-THIRD: That under the applicable provisions of this defendant's contract of carriage and tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

FIFTY-FOURTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR A THIRD COMPLETE
### AFFIRMATIVE DEFENSE

FIFTY-FIFTH: That under the applicable provisions of this defendant's contract of carriage and tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

FIFTY-SIXTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

### AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

FIFTY-SEVENTH: That under the applicable provisions of this defendant's contract of carriage and tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

FIFTY-EIGHTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

FIFTY-NINTH: That under the applicable provisions of this defendant's contract of carriage and tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

SIXTIETH: That under the applicable provisions of this defendant's contract of carriage and tariffs, defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

SIXTY-FIRST: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

SIXTY-SECOND: That under the applicable provisions of this defendant's contract of carriage and tariffs, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

SIXTY-THIRD: Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

### AS AND FOR AN EIGHTH PARTIAL AFFIRMATIVE DEFENSE

SIXTY-FOURTH: That under the applicable provisions of this defendant's contract of carriage and tariffs, the liability, if any, of this defendant for any loss, damage or delay is limited.

**WHEREFORE**, defendant, DELTA AIR LINES, INC., demands judgment against the plaintiff dismissing this action together with costs and disbursements.

Dated:  New York, New York
        August 25, 2008

                                            MOUND COTTON WOLLAN & GREENGRASS
                                            Attorneys for Defendant

                                            By: _____
                                            Francis A. Montbach (FAM9631)
                                            Michael L. Calder (MC2763)
                                            One Battery Park Plaza
                                            New York, New York   10004
                                            (212) 804-4200

TO:    JAMES P. KRAUZLIS, ESQ.
          BADIAK & WILL, LLP
          Attorneys for Plaintiff
          106 3rd Street
          Mineola, NY   11501

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

TONI COCUZZO, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and located in New York, New York.

That on August 25, 2008, deponent served the within **ANSWER** upon:

James P. Krauzkis, Esq.
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501

at the address designated by said attorney and/or party for that purpose, by depositing the same, enclosed in a postpaid, properly addressed envelope directed to said persons at the above address, in an official depository under the exclusive care and custody of the U.S. Post Office.

_____
TONI COCUZZO

Sworn to before me on
August 25, 2008

_____
Notary Public

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__